IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION

CIVIL NO. 2:06CV29

| | |
|---|---|
| VERIZON SOUTH INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | **O R D E R** |
| ) | |
| CHERYL OWLE; EASTERN BAND OF ) | |
| CHEROKEE INDIANS CHEROKEE ) | |
| COURT; and JUDGES OF THE ) | |
| EASTERN BAND OF CHEROKEE ) | |
| INDIANS CHEROKEE COURT, in ) | |
| their official capacities, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on the Plaintiff's motion for a preliminary injunction.

The Plaintiff (Verizon South) seeks to enjoin Defendant Cheryl Owle from prosecuting an action in tribal court against it. It also seeks, by naming as Defendants the Eastern Band of Cherokee Indians, the judges of the tribal court and that court, to enjoin the tribal court from entertaining the action. A review of the complaint filed in the tribal court action shows that Owle seeks to obtain a refund from Verizon South for the sales taxes it

2

has collected on behalf of the State of North Carolina. Verizon South is obligated to file answer or other response in the tribal court matter on or before November 6, 2006.

The motion for preliminary injunction was filed on October 31, 2006. This Court is unable to hold a hearing on this matter, assuming that one is necessary, prior to November 6, 2006. Nor has the Plaintiff filed a certificate of service of the motion on the Defendants. In short, this Court will not provide any relief in this cause prior to November 6, 2006. As a result, Plaintiff's counsel are encouraged to take such action as is necessary in connection with the pending tribal court matter in order to preserve their rights, including seeking another extension of time.

The Court is compelled to note, however, that the action brought on behalf of Owle by Russell McLean in tribal court does not appear, at first blush, to be well taken. Mr. McLean alleges that federal law bars the collection by the State of North Carolina of a sales tax from Owle for telephone usage on tribal land. He has not sought a refund of those taxes from the State of North Carolina; instead, he has sued Verizon South in tribal court alleging that the corporation, which is obligated by law to collect

3

state sales taxes, violated federal law.[1]  It does appear that Mr. McLean has sued the wrong defendant in the wrong court and has failed to follow the state's statutory procedure for a tax refund.  **See, e.g., Winnebago Tribe of Nebraska v. Stovall**, 341 F.3d 1202 (10th Cir. 2003); **Osceola v. Florida Dep't of Revenue**, 893 F.2d 1231 (11th Cir. 1990) **(noting that state taxpayers have a statutory right to seek tax refunds from the state)**.  While this Court's initial impression may not be entirely accurate, the parties are urged to carefully consider their respective positions.

**IT IS, THEREFORE, ORDERED** that the Defendants shall respond to the motion for a preliminary injunction on or before 14 days from service of this Order.

Signed: November 2, 2006

Lacy H. Thornburg
United States District Judge

---

[1] **See, e.g., Lac Du Flambeau Band of Lake Superior Chippewa Indians v. Zeuske,** 145 F.Supp.2d 969 (W.D. Wis. 2000).